**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOMELL BRATHWAITE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LONG BRANCH, et al.,<br><br>Defendants. | Civ. A. No. 3:19-cv-18332 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

CASTNER, District Judge

**THIS MATTER** comes before the Court upon Plaintiff Jomell Brathwaite's ("Plaintiff") Motion to Amend his Complaint. (*See* Pl.'s Mot., ECF No. 55.) Defendants the City of Long Branch, Lieutenant Jorge Silverio, Officer David Stone, and Officer Joseph Corcoran (collectively, "Defendants") opposed (*see* Defs.' Opp'n, ECF No. 58), and Plaintiff replied (*see* Pl.'s Reply, ECF No. 62). The Court has reviewed the parties' submissions and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons set forth herein, and for other good cause shown, the Court grants Plaintiff's Motion, and this matter is remanded to the Superior Court of New Jersey.

**I.   BACKGROUND**

Plaintiff initially filed this action in the Superior Court of New Jersey, Monmouth County, Law Division, on August 26, 2019. (*See* Pl.'s Compl., Notice of Removal Ex. A, ECF No. 1.) Plaintiff's Complaint asserted six claims pursuant to the Civil Rights Act, 42 U.S.C. § 1983: (1) excessive force; unlawful seizure and/or arrest (*see id.* ¶¶ 34-40); (2) malicious prosecution (*see*

*id.* ¶¶ 41-44); (3) false imprisonment/unlawful incarceration (*see id.* ¶¶ 45-48); (4) failure to intervene (*see id.* ¶¶ 49-58); (5) supervisory liability (*see id.* ¶¶ 59-63); and (6) unlawful policy, custom, practice, inadequate training, failure to discipline (*see id.* ¶¶ 64-73). Plaintiff also stated—in a single count—claims under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2, *et seq.*, that run directly parallel to his federal claims: (7) excessive force; unlawful seizure and/or arrest (*see id.* ¶¶ 75-76); (8) malicious prosecution (*see id.* ¶ 77); (9) false imprisonment/unlawful incarceration (*see id.* ¶ 77); (10) failure to intervene (*see id.* ¶ 78); (11) supervisory liability (*see id.* ¶ 79); and (12) unlawful policy, custom, practice, inadequate training, failure to discipline (*see id.* ¶ 80). Finally, Plaintiff pled a cause of action for civil conspiracy. (*See id.* ¶¶ 82-84.) Plaintiff now seeks to withdraw his federal claims under Section 1983 and remand the matter to state court. (*See generally* Pl.'s Mot., ECF No. 55.)

## II.     LEGAL STANDARD

Generally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). However, when the Court's leave to amend will result in the elimination of its basis for jurisdiction, the Court examines whether the exercise of supplemental jurisdiction, *see* 28 U.S.C. § 1367, is appropriate. *See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979) (citing *Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399 (2d Cir. 1963)) ("A subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction.").

A.      Rule 15(a)(2)

After the period for amending as of right has passed, Rule 15 permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted whenever 'justice so requires.'" *Arthur v. Maersk*, 434 F.3d 196, 203 (3d Cir. 2006) (quoting Fed. R. Civ. P. 15(a)(2)). Denial of leave to amend should only result "when the amendment sought (1) causes undue delay; (2) arises from bad faith or dilatory motive on the part of the movant; (3) arises from repeated failure to cure deficiencies by amendments previously allowed; (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) is futile." *Private Sols. Inc. v. SCMC, LLC*, Civ. No. 15-3241, 2016 WL 2946149, at *2 (D.N.J. May 20, 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) & *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003)).

Though delay alone is insufficient to support denial, *see Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978), when a party seeks to amend outside of the date imposed by the Court's scheduling order, it may do so by demonstrating "good cause" to amend the order in accord with Rule 16(b), *see E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 n.18 (3d Cir. 2000). An analysis of the likelihood that undue prejudice will result "requires that [the Court] focus on the hardship to the defendants if the amendment were permitted," *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)), in other words, "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories[,]" *id.* (comparing cases). Futility arises when "'the complaint, as amended, fails to state a claim upon which relief could be granted[,]' *i.e.*, when it

3

fails under Rule 12(b)(6)." *Private Sols, Inc.*, 2016 WL 2946149, at *3 (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

### B. Remand After Proper Removal

After successful removal, the elimination of the federal claims from the pleading does not "automatically divest this Court of jurisdiction over the matter," *Bonanni v. Purdy*, Civ. No. 13-6212, 2013 WL 6579129, at * 2 (D.N.J. Dec. 13. 2013), as "[a] district court's decision whether to exercise supplemental jurisdiction after every claim over which it had original jurisdiction has been amended away, withdrawn or dismissed is 'purely discretionary,'" *id.* (quoting *Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009)); *see Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have authority, consistent with Article III, to retain jurisdiction."). The statute governing supplemental jurisdiction permits a district court to decline to exercise it if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3) & (4).

Furthermore, the Court of Appeals for the Third Circuit has explained that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis added in *Hedges*). "In deciding whether to remand, the district court should consider what best serves the principles of economy, convenience, fairness, and comity." *Trans Penn Wax. Corp v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (citing *Carnegie-*

*Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). This includes consideration of whether the motivation behind the amendment is to engage in forum gamesmanship. *See Carnegie-Mellon Univ.*, 484 U.S. at 357 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case."); *see Trans Penn Wax Corp*, 50 F.3d at 233 ("[A]n effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision whether to remand."); *see also Dirauf v. Berger*, 506 F. Supp. 3d 254, 266 (D.N.J. 2020), *aff'd*, 57 F.4th 101 (3d Cir. 2022) ("[F]orum manipulation is but one factor under § 1367(c).").

### III. DISCUSSION

#### A. Motion to Amend under Rule 15(a)(2)

With regard to Plaintiff's request for leave to amend, Plaintiff argues that "[t]here is no burden whatsoever on the Court or the parties in granting the amendment and remanding this matter to state court." (Pl.'s Memo of Law ¶ 18, ECF No. 55.) "No party will have to expend additional resources for the amendment and remand," (*id.* ¶ 19), and "[a]s the amended complaint does not add any new causes of action[] against any of the defendants, there is no prejudice against the defendants," (*id.* ¶ 20). Defendants respond that "Plaintiff has not given the Court any reason to believe that he acted diligently in filing this motion." (Defs.' Opp'n Br. 6, ECF No. 58.) "Over the course of three years and Seven Amended Scheduling Orders, Plaintiff never contemplated nor sought to file a Motion to Amend." (*Id.*) "As such, any attempt to amend the Complaint at this juncture must fail because Plaintiff cannot establish due diligence and good cause for seeking the amendment." (*Id.*)

Plaintiff responds by distinguishing the precedent upon which Defendants rely, as cases that "deal with plaintiffs adding either causes of action and/or facts." (Pl.'s Reply Br. 2, ECF No.

5

62.) Accordingly, Plaintiff asserts that "due diligence and good cause do not apply where a plaintiff is seeking to amend his complaint to remove Federal causes of action to have the matter remanded to state court." (*Id.* at 3.)

Plaintiff's Motion to Amend was not filed in violation of any Scheduling Order that was entered in this case. (*See* Scheduling Orders, respectively, ECF Nos. 27, 30, 35, 42, 46, 48, 49 & 53.) Therefore, the requirement of showing "good cause" under Rule 16(b)(4), is not directly implicated. (*See* Defs.' Opp'n Br. 4-6, ECF No. 58 (arguing that Plaintiff was required to show good cause under Rule 16(b)(4) because he seeks to amend after a substantial part of the litigation has been conducted).) Nor is futility implicated here, as Plaintiff seeks to eliminate his federal claims by amendment as opposed to adding additional claims. *See Dirauf*, 506 F. Supp. at 263 ("The amendment seeks to drop, not add, a claim, so it cannot be characterized as futile.").

Finally, Defendants argue that because they have "incurred expenses to retain a rebuttal expert to analyze this case through the lens of federal question claims," and that the "entirety of the rebuttal report is littered with analysis as it pertains" to Plaintiff's federal claims, they will be out costs. (Defs.' Opp'n Br. 9.) "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment" under Rule 15(a)(2). *Cornell & Co., Inc.*, 573 F.2d at at 823 (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S 321, 330-31 (1971) & *Kerrigan's Est. v. Joseph E. Seagram & Sons*, 199 F.2d 694, 696 (3d Cir. 1952)).

"To justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 144 (D.N.J. 1998) (citing *Cuffy v. Getty Refin. & Mktg. Co.*, 648 F. Supp. 802, 806 (D. Del. 1986)). Demonstrating prejudice requires more than a mere allegation of prejudice, but a showing that a party "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence

which it would have offered had the [plaintiff's] amendments been timely." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (citing *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 n.19 (3d Cir. 1969)). Defendants have not been deprived of any such opportunity, nor will they be by the withdrawal of Plaintiff's federal claims. Plaintiff's amendment will be permitted as the Court will not require Plaintiff to continue to pursue claims that he no longer chooses to pursue.

### B. Remand under 28 U.S.C. § 1367(c)(3)

Under 28 U.S.C. § 1367(c)(3), the Court has discretion to decline jurisdiction over remaining claims after all federal claims have been dismissed from the action. Turning to "consider[ations of] what best serves the principles of economy, convenience, fairness, and comity," *Trans Penn Wax. Corp*, 50 F.3d at 233 (citing *Carnegie-Mellon Univ.*, 484 U.S. at 357), the Court is cognizant that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state law claims," *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7.

No party has advanced an argument that remand to the New Jersey state court would be more inconvenient than litigation in the district court. *See Ortiz v. Univ. of Med. & Dentistry of N.J.*, Civ. No. 08-2669, 2009 WL 2194782, at *4 (D.N.J. July 23, 2009) ("This Court sees no disadvantage to remand with respect to convenience of either the courts or the parties, and neither party has put forward a compelling reason based on the convenience factor to favor this Court over the Superior Court of New Jersey."); *see Alicea v. Outback Steakhouse*, Civ. No. 10-4702, 2011 WL 1675036, at *5 (D.N.J. May 3, 2011) ("Furthermore, it does not appear to be an inconvenience to the parties to litigate New Jersey state law claims in New Jersey Superior Court, rather than in this district court."). The factor of convenience appears to weigh in neutral balance.

Next, the court considers fairness to the litigants. Defendants rely on *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993), to support the proposition that "[w]here the case has been substantially litigated, it may be a proper exercise of discretion to retain the state claims." (*See* Defs.' Opp'n Br. 9.) The Court is sympathetic to the fact that Defendants have spent the past three years defending this action in this Court, in which fact discovery appears to have closed on April 4, 2022 (*see* Sixth Am. Scheduling Order, ECF No. 49), and in which "expert depositions are all that remain before dispositive motions are to be filed," (*cf.* Seventh Am. Scheduling Order, ECF No. 53). (*See* Defs.' Opp'n Br. 10.) However, although this case is procedurally further along,[1] discovery has not yet been completed, no dispositive motions have been filed or decided by this Court and no trial date has been set. *See, e.g., Robert W. Mauthe, M.D., P.C. v. Optum, Inc.*, 925 F.3d 129, 135 (3d Cir. 2019) (affirming discretion to decline supplemental jurisdiction after resolution and award of summary judgment on all federal claims); *Yue Yu v. McGrath*, 597 F. App'x 62, 68 (3d Cir. 2014) (affirming exercise of discretion to remand after awarding summary judgment on all federal claims); *Burnsworth v. PC Lab.*, 364 F. App'x 772, 776 (3d Cir. 2010) (affirming the same). In *Growth Horizons*, the district court's order dismissing the plaintiff's suit for want of jurisdiction was reversed by the Third Circuit because the "district court ha[d] already held a trial on the merits and ha[d] already heard all the evidence necessary to reach a decision on the plaintiff's contract claim." 983 F.2d at 1285. Therefore, the Court finds this factor to weigh in neutral balance as well if not in favor of remand.

The Court also considers the principle of judicial economy. While the Court has expended resources in connection with this case, no resources have been devoted by the Court in considering

---

[1] The Court notes, however, that this matter was stayed for a period of six months due to an underlying criminal matter. (*See* ECF Nos. 13, 26.)

the merits of Plaintiff's state law claims (or any claims) as this is the first motion and ruling in this case. *Cruz v. Aspen Landscaping Contracting, Inc.*, Civ. No. 20-8546, 2021 WL 457858 *6 (D.N.J. Feb. 8, 2021) (finding that judicial economy factor weighed in favor or remand where motion to amend and remand was the court's first ruling in the case). Therefore, the Court considers this factor to weigh in neutral balance as well, if not in favor of remand.

Maintenance of comity between the federal and state sovereigns is supportive of remand in this case because "[t]he state has a strong interest in interpreting what appear to be complex issues of state law and public policy." *Mazzola v. Americhoice of New Jersey, Inc.*, Civ. No. 13-429, 2013 WL 6022345, at *3 (D.N.J. Nov. 13, 2013). Plaintiff cites to recent New Jersey Supreme Court precedent—principally, *Harris v. City of Newark*, 250 N.J. 294 (2022)—for the proposition that "New Jersey State law affords plaintiff greater protections than does Federal law and continues to evolve in that direction, particularly in the area of qualified immunity." (Pl.'s Reply at 3-4 (also citing *Baskin v. Martinez*, 243 N.J. 112 (2020) & *Schneider v. Simonini*, 163 N.J. 336 (2000)).) Plaintiff argues that "[d]espite the similarity in language of [the United States Constitution and the New Jersey Constitution], the New Jersey Supreme Court has recognized that New Jersey's Constitution affords its citizens greater protections than those afforded by its Federal counterpart." (*Id.* at 5 (citing *State v. Harris*, 211 N.J. 566, 581 (2012)). Plaintiff emphasizes that, in the context of the New Jersey Supreme Court's determination that "[w]hen the United States Constitution affords our citizens less protection than does the New Jersey Constitution," *State v. Hempele*, 120 N.J. 182, 196 (1990), remand of the state claims for disposition in a New Jersey court is the appropriate outcome. (*Id.*) Ultimately, Plaintiff argues that he "should be permitted to have his matter heard in a forum where the law affords him the greatest protections, particularly where it involves a minority plaintiff who is the [alleged] victim of police brutality, and here, that forum is

9


the State of New Jersey." (*Id.* at 6.) Noting that a "strong policy exists in favor of resolving state law issues in state courts," the Court finds that this factor weighs in favor of remand. *Shaffer v. Bd. of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984).

Plaintiff's motivation behind amendment could be suggestive of forum shopping. However, manipulation of the forum is only a factor to be considered and is not dispositive of the issue. *See, e.g., Cabibo v. Parsons Inspection & Maint. Corp.*, Civ. No. 09-3213, 2009 WL 3074731, at *7 (D.N.J. Sept. 23, 2009). "Neither *Cohill* nor *Trans Penn Wax Corp.*, however, found that remand of a case was improper due to manipulation of the forum." *Ortiz*, 2009 WL 2194782, at *3. Indeed, "[r]emoving a federal claim often merits little weight in the analysis." *Dirauf v. Berger*, 57 F.4th 101, 109 n.8 (3d Cir. 2022) (citing *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 160 (5th Cir. 2011) (amending a "complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all")).

As the Third Circuit has explained, "[p]arties are the masters of their pleadings, and a party can seek to drop a federal claim for any number of reasons, some of which may be manipulative while others are not." *Id.* at 109 (citing *Payne v. Parkchester N. Condos.*, 134 F. Supp. 2d 582, 586 (S.D.N.Y. 2001) (there are "innocent," "[l]ess innocent[] but still relatively acceptabl[e]," and "manifestly" improper reasons for removing a federal claim)). Here, even if the Court were to determine that Plaintiff is motivated by forum manipulation, the considerations of judicial economy, convenience, and fairness all weigh neutrally, if not in favor of remand, although the interest of comity between the federal and state courts weighs heavily in favor of remand. *See id.* at 108 ("[A] decision remanding despite a finding of forum manipulation would not be an abuse of discretion, particularly where, as here, Defendants do not (and could not) argue that other factors like judicial economy, convenience, or comity favored exercising supplemental jurisdiction.").

Based on a careful consideration of all of the factors, the Court finds in favor of remanding Plaintiff's remaining state law claims.

## IV.     CONCLUSION

For the reasons stated forth herein, and for other good cause shown, Plaintiff's Motion is **GRANTED**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and the matter will be **REMANDED**. An appropriate Order follows.

Dated: April 20, 2023

                                                                                            GEORGETTE CASTNER
                                                                                            UNITED STATES DISTRICT JUDGE